JOHN W. HUBER, United States Attorney (#7226)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
Attorneys for the United States of America
185 South State Street, Ste. 300 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 10 2016

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | FELONY INFORMATION |
|---|---|
| Plaintiff, | Count 1: 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 (Securities Fraud) |
| vs. | |
| THOMAS EDWARD ANDREWS, | Count 2: 18 U.S.C. 1341 (Mail Fraud) |
| Defendant. | Case: 2:16cr00211<br>Assigned To : Sam, David<br>Assign. Date : 5/10/2016<br>Description: USA v. Andrews |

The United States Attorney alleges:

## I.  BACKGROUND

At all times relevant to this Felony Information:

1. Defendant THOMAS EDWARD ANDREWS was a resident of Salt Lake County, Utah.

2. Defendant ANDREWS, as a registered representative of LPL Financial, LLC, obtained Series 6 and Series 63 securities licenses to sell securities such as mutual funds, insurance products, and variable annuities.

## II.  THE SCHEME AND ARTIFICE TO DEFRAUD

3. Beginning in and around 2010 and continuing to and around November 2015, within the Central Division of the District of Utah and elsewhere,

**THOMAS EDWARD ANDREWS,**

defendant herein, devised and intended to devise a scheme to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts.

4. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, defendant ANDREWS knowingly offered and attempted to offer securities, that is, investments in "The Jackson Trust" or "Lincoln Financial Group", and by the use of means and instruments of transportation and communication and interstate commerce, that is, wire communications, directly and indirectly, and did willfully (1) employ a device, scheme, and artifice to defraud; (2) make untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engage in acts, transactions, practices, and courses of business which would operate and did operate as a fraud and deceit upon other persons, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 (Securities Fraud).

5. In executing and attempting to execute the scheme and artifice to defraud, defendant ANDREWS knowingly deposited and caused to be deposited in an authorized depository for mail a matter or thing to be sent and delivered by the United States Postal Service or by any private or commercial interstate carrier, according to the directions thereon, in violation of 18 U.S.C. § 1341 (Mail Fraud).

### III. OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

6. It was the object of the scheme and artifice to defraud for defendant ANDREWS to fraudulently obtain money from investors through false statements, misrepresentations, deception, and omissions of material facts, and thereafter cause the money to be diverted for

defendant ANDREWS's personal use and benefit.

### IV. MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

7. It was part of the scheme and artifice to defraud that defendant ANDREWS, in an effort to lull investor victims into a false sense of security about their investments, arranged for a co-conspirator to pose as ANDREWS' direct supervisor (a fictitious person named David Williams) and knowingly make misrepresentations regarding the security of the investments.

8. It was part of the scheme and artifice to defraud that defendant ANDREWS and a co-conspirator would drive or fly to California to mail fraudulent account statements to investor victims.

9. In execution and furtherance of the scheme and artifice to defraud, defendant ANDREWS, made or caused to be made, one or more of the following false and fraudulent representations to the investor victims: That the investment offerings would yield significant returns, when in fact, ANDREWS made no investments, but instead deposited money from victims into his personal account and used the money for his own personal benefit.

**Count 1**
**15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5**
**(Securities Fraud)**

10. The allegations set forth above and all counts set forth in this Information are incorporated herein by reference and realleged as though fully set forth herein.

11. Beginning in and around 2010 and continuing to and around November 2015, within the Central Division of the District of Utah and elsewhere,

**THOMAS EDWARD ANDREWS,**

defendant herein, willfully, knowingly, and with intent to defraud, in the purchase and sale of

securities, that is, investments in "The Jackson Trust" or "Lincoln Financial Group", and by the use of means and instruments of transportation and communication and interstate commerce, that is, wire communications, directly and indirectly, did (1) employ a device, scheme, and artifice to defraud; (2) make untrue statements of material fact and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engage in acts, transactions, practices, and courses of business which would operate and did operate as a fraud and deceit upon other persons, as more particularly described for each count below:

| COUNT | DATE (on or about) | USE OF INTERSTATE MEANS |
|---|---|---|
| 1 | 10/23/2013 | Wire transfer of $50,000.00 from T.K.C. to defendant ANDREWS' Jackson Living Trust checking account number xx0110. |

All in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5.

## Count 2
## 18 U.S.C. § 1341
## (Mail Fraud)

12.     The allegations set forth above and all counts set forth in this Information are incorporated herein by reference and realleged as though fully set forth herein.

13.     On or about the dates enumerated in each count below, in the Central Division of the District of Utah, and elsewhere,

**THOMAS EDWARD ANDREWS,**

defendant herein, for the purpose of executing and in furtherance of the scheme and artifice to defraud more particularly described in the above paragraphs, and for obtaining money and property of investor victims by means of false and fraudulent pretenses, representations, and

promises, and omissions of material facts and attempting to do so, did knowingly deposit and caused to be sent and delivered by the United States Postal Service and any private or commercial interstate carrier, forged, fabricated, and fraudulent account statements that contained false or inflated cash balances, and did cause such statements to be sent and delivered according to the directions thereon, and did aid and abet, counsel, command, induce, procure and cause the following mailings:

| Count | Date (On or About) | Mailing Description | Courier | Recipient/Victim |
|---|---|---|---|---|
| 2 | 08/25/2015 | Statement of Jackson Trust Account #xxxxxx9339 | United States Postal Service | F.A.H. |

All in violation of 18 U.S.C. § 1341.

## NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 or 18 U.S.C. § 1341, as set forth in this Information, the defendant shall forfeit to the United States of America all property, real or personal, that constitutes or is derived from proceeds traceable to the scheme to defraud.

The property to be forfeited includes, but is not limited to, the following:

- MONEY JUDGMENT in the approximate amount of $5,500,000.00, representing the value of the proceeds obtained by the defendant in connection with the above-referenced offenses.

## SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the

defendant,

    (1)  cannot be located upon the exercise of due diligence;

    (2)  has been transferred or sold to, or deposited with, a third person;

    (3)  has been placed beyond the jurisdiction of the court;

    (4)  has been substantially diminished in value; or

    (5)  has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above-forfeitable property.

Dated this 10th day of May 2016.

                                      JOHN W. HUBER
                                      United States Attorney

                                      */s/ Jacob J. Strain*
                                      JACOB J. STRAIN
                                      Assistant United States Attorney